# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** RICHMOND

-----------------------------------------------------x

CHRISSY COWAN,

Plaintiff(s)/Petitioner(s),

Index No. 150741/2015

- against -

COSTCO WHOLESALE CORPORATION,
CONAGRA GROCERY PRODUCTS, LLC, Et Al.

Defendant(s)/Respondent(s).

-----------------------------------------------------x

# NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES

PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Within ten days after service of this Notice, each party served should indicate whether or not it consents to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

## General Information

Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

**Instructions**

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. **Within ten days after service of this Notice**, the party served should consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if the party or attorney of record is an authorized e-filing user, by filing the consent electronically in the manner provided at the NYSCEF site. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 8/7/15

EDWARD VILINSKY, ESQ. (Name)
LAW OFFICES EDWARD VILINSKY, ESQ. (Firm)
1219 Avenue J
Brooklyn, NY 11230 (Address)
718-927-0100 (Phone)
718-927-0143 (Fax)
evilinsky@vilinskylaw.com (E-Mail)

Attorney(s) for Plaintiff

4/14/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

---------------------------------------X

CHRISSY COWAN,

Plaintiff,

- against -

COSTCO WHOLESALE CORPORATION, CONAGRA GROCERY PRODUCTS, LLC, CONAGRA FOODS, INC., CONAGRA FOODS SALES, LLC, CONAGRA FOODS PACKAGED FOODS, LLC, and CONAGRA FOODS ENTERPRISE SERVICES, INC.,

Defendants.

---------------------------------------X

**SUMMONS**

Index No. 150741/2015
Filed: 08/07/2015

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Plaintiff designates Richmond County as the place of trial. The basis of venue is plaintiff's premises. The plaintiff resides at 4591 Hylan Boulevard, Staten Island, New York 10312.

Dated: Brooklyn, New York
August 3, 2015

LAW OFFICES
EDWARD VILINSKY
Attorney for Plaintiff
CHRISSY COWAN
1219 Avenue J
Brooklyn, New York 11230
(718) 927-0100
By: Jeffrey Stern, Esq.

Defendants' Addresses:

COSTCO WHOLESALE CORPORATION
c/o New York Secretary of State
Office of the New York Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

CONAGRA GROCERY PRODUCTS, LLC
c/o New York Secretary of State
Office of the New York Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

CONAGRA FOODS, INC.
c/o New York Secretary of State
Office of the New York Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

CONAGRA FOODS SALES, LLC
c/o New York Secretary of State
Office of the New York Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

CONAGRA FOODS PACKAGED FOODS, LLC
c/o New York Secretary of State
Office of the New York Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

CONAGRA FOODS ENTERPRISE SERVICES, INC.
c/o New York Secretary of State
Office of the New York Department of State
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------X
CHRISSY COWAN,

Plaintiff,

- against -

COSTCO WHOLESALE CORPORATION, CONAGRA GROCERY PRODUCTS, LLC, CONAGRA FOODS, INC., CONAGRA FOODS SALES, LLC, CONAGRA FOODS PACKAGED FOODS, LLC, and CONAGRA FOODS ENTERPRISE SERVICES, INC.,

Defendants.
-----------------------------------------X

**VERIFIED COMPLAINT**

Index No. 150744/2015

Plaintiff, by her attorney, EDWARD VILINSKY, ESQ., complaining of the above defendants, respectfully alleges as follows:

**AS AND FOR A FIRST CAUSE OF ACTION**

1. Upon information and belief, that at all times hereinafter mentioned, the plaintiff, CHRISSY COWAN, was a resident of the County of Richmond, City and State of New York.

2. Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO WHOLESALE CORPORATION, was a Foreign Business Corporation authorized to do business and doing business in the State of New York.

3. Upon information and belief, that at all times hereinafter mentioned, the defendant, CONAGRA GROCERY PRODUCTS, LLC, was a Foreign Limited Liability Company authorized to do business and doing business in the State of New York.

4. Upon information and belief, that at all times

hereinafter mentioned, the defendant, CONAGRA FOODS, INC., was a Foreign Business Corporation authorized to do business and doing business in the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, the defendant, CONAGRA FOODS SALES, LLC, was a Foreign Limited Liability Company authorized to do business and doing business in the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, the defendant, CONAGRA FOODS PACKAGED FOODS, LLC, was a Foreign Limited Liability Company authorized to do business and doing business in the State of New York.

7. Upon information and belief, that at all times hereinafter mentioned, the defendant, CONAGRA FOODS ENTERPRISE SERVICES, INC., was a Foreign Business Corporation authorized to do business and doing business in the State of New York.

8. Prior to January 5, 2015 and at all relevant times hereinafter mentioned, defendant, COSTCO WHOLESALE CORPORATION, packaged, prepared, manufactured and/or distributed "PAM" cooking spray for sale to the general public.

9. Prior to January 5, 2015 and at all relevant times hereinafter mentioned, defendant, CONAGRA GROCERY PRODUCTS, LLC, packaged, prepared, manufactured and/or distributed "PAM" cooking spray for sale to the general public.

10. Prior to January 5, 2015 and at all relevant times hereinafter mentioned, defendant, CONAGRA FOODS, INC., packaged, prepared, manufactured and/or distributed "PAM" cooking spray for sale to the general public.

11. Prior to January 5, 2015 and at all relevant times hereinafter mentioned, defendant, CONAGRA FOODS SALES, LLC, packaged, prepared, manufactured and/or distributed "PAM" cooking spray for sale to the general public.

12. Prior to January 5, 2015 and at all relevant times hereinafter mentioned, defendant, CONAGRA FOODS PACKAGED FOODS, LLC, packaged, prepared, manufactured and/or distributed "PAM" cooking spray for sale to the general public.

13. Prior to January 5, 2015 and at all relevant times hereinafter mentioned, defendant, CONAGRA FOODS ENTERPRISE SERVICES, INC., packaged, prepared, manufactured and/or distributed "PAM" cooking spray for sale to the general public.

14. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA GROCERY PRODUCTS, LLC, prepared, packaged, manufactured and/or distributed the "PAM" cooking spray and sold it to defendant, COSTCO WHOLESALE CORPORATION, with the knowledge and intention that the "PAM" cooking spray would be resold by defendant, COSTCO WHOLESALE CORPORATION, to the public at retail.

15. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA FOODS, INC., prepared, packaged, manufactured and/or distributed the "PAM" cooking spray and sold it to defendant, COSTCO WHOLESALE CORPORATION, with the knowledge and intention that the "PAM" cooking spray would be resold by defendant, COSTCO WHOLESALE CORPORATION, to the public at retail.

16. Upon information and belief, that at all the times

hereinafter mentioned, the defendant, CONAGRA FOODS SALES, LLC, prepared, packaged, manufactured and/or distributed the "PAM" cooking spray and sold it to defendant, COSTCO WHOLESALE CORPORATION, with the knowledge and intention that the "PAM" cooking spray would be resold by defendant, COSTCO WHOLESALE CORPORATION, to the public at retail.

17. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA FOODS PACKAGED FOODS, LLC, prepared, packaged, manufactured and/or distributed the "PAM" cooking spray and sold it to defendant, COSTCO WHOLESALE CORPORATION, with the knowledge and intention that the "PAM" cooking spray would be resold by defendant, COSTCO WHOLESALE CORPORATION, to the public at retail.

18. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA FOODS ENTERPRISE SERVICES, INC., prepared, packaged, manufactured and/or distributed the "PAM" cooking spray and sold it to defendant, COSTCO WHOLESALE CORPORATION, with the knowledge and intention that the "PAM" cooking spray would be resold by defendant, COSTCO WHOLESALE CORPORATION, to the public at retail.

19. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA GROCERY PRODUCTS, LLC, carelessly and negligently packaged, prepared, manufactured and/or distributed the "PAM" cooking spray and failed to adequately inspect its/their product when the defendant knew, or in the exercise of reasonable care should have known, that the product would explode, splatter, spray, burn and scorch when in

use under the conditions for which it was manufactured.

20. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA FOODS, INC., carelessly and negligently packaged, prepared, manufactured and/or distributed the "PAM" cooking spray and failed to adequately inspect its/their product when the defendant knew, or in the exercise of reasonable care should have known, that the product would explode, splatter, spray, burn and scorch when in use under the conditions for which it was manufactured.

21. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA FOODS SALES, LLC, carelessly and negligently packaged, prepared, manufactured and/or distributed the "PAM" cooking spray and failed to adequately inspect its/their product when the defendant knew, or in the exercise of reasonable care should have known, that the product would explode, splatter, spray, burn and scorch when in use under the conditions for which it was manufactured.

22. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA FOODS PACKAGED FOODS, LLC, carelessly and negligently packaged, prepared, manufactured and/or distributed the "PAM" cooking spray and failed to adequately inspect its/their product when the defendant knew, or in the exercise of reasonable care should have known, that the product would explode, splatter, spray, burn and scorch when in use under the conditions for which it was manufactured.

23. Upon information and belief, that at all the times hereinafter mentioned, the defendant, CONAGRA FOODS ENTERPRISE

SERVICES, INC., carelessly and negligently packaged, prepared, manufactured and/or distributed the "PAM" cooking spray and failed to adequately inspect its/their product when the defendant knew, or in the exercise of reasonable care should have known, that the product would explode, splatter, spray, burn and scorch when in use under the conditions for which it was manufactured.

24. Upon information and belief, that at all the times hereinafter mentioned, the defendant, COSTCO WHOLESALE CORPORATION, carelessly and negligently packaged, prepared, manufactured and/or distributed the "PAM" cooking spray and failed to adequately inspect its/their product when the defendant knew, or in the exercise of reasonable care should have known, that the product would explode, splatter, spray, burn and scorch when in use under the conditions for which it was manufactured.

25. The product was intended to and did reach the plaintiff without substantial modification.

26. On January 5, 2015 at approximately 8:00 P.M., the defendants' "PAM" cooking spray was placed upon the kitchen counter of the plaintiff, CHRISSY COWAN, when said can exploded and caused the plaintiff to sustain the injuries more fully set forth below.

27. At the time of plaintiff's injuries, the "PAM" cooking spray was placed upon the plaintiff's kitchen counter for the purpose and in the manner normally intended.

28. Upon information and belief at all times herein, the accident was caused wholly and solely by the negligence and carelessness of the defendants in:

(a) Negligently and carelessly designing the product;

(b) Negligently and carelessly failing and neglecting to anticipate the dangers and defects in the design of the product;

(c) Negligently and carelessly assembling the product;

(d) Negligently and carelessly causing, permitting or allowing the distribution of the product;

(e) Negligently and carelessly packaging, preparing, manufacturing and/or distributing the product with latent, inherent and hidden defects;

(f) Negligently and carelessly failing to give warning to users of the product of latent, inherent and hidden dangers;

(g) Being otherwise careless and negligent.

29. The accident and injuries and damages were caused wholly and solely by the negligence and carelessness of the defendants, without any negligence on the part of the plaintiff.

30. That by reason of the negligence and/or breach of warranty aforesaid, this plaintiff was rendered sick, sore, lame and disabled and her injuries, upon information and belief, are of a permanent nature, that she has been obliged to incur expense and obligations for medical care, attention and treatment and she is informed and she verily believes that she will in the future be obliged to incur further expense and obligations for medicines, medical care, attention and treatment and continuous pain and suffering, all to her damage in a sum that exceeds jurisdictional limits of all lower courts.

**AS AND FOR A SECOND CAUSE OF ACTION**

31. At all times hereinafter mentioned, plaintiff, CHRISSY COWAN, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this complaint, as though more fully set forth herein at length.

32. At all times herein, the defendants or either of them, their agents, servants and/or employees expressly and impliedly warranted to the general public and to this plaintiff that their "PAM" cooking spray was safe for the use intended.

33. The plaintiff, CHRISSY COWAN, relied upon the warranties and representations both expressed and implied, paid the fee and used their product.

34. Upon information and belief, the defendants, their agents, servants, and/or employees breached their warranty. The "PAM" cooking spray was not fit for the purposes for which it was intended, was not of merchantable quality, was of unsafe design and dangerous, and contained latent defects.

35. Upon information and belief, the plaintiff, CHRISSY COWAN, had no knowledge of the falsity of these warranties.

36. On or about January 5, 2015 at approximately 8:00 P.M., the defendants' "PAM" cooking spray was placed upon the kitchen counter of the plaintiff, CHRISSY COWAN, when said can

exploded, causing serious, significant and permanent personal injuries.

37. Plaintiff at all times relied upon the warranties and representations made by the defendants and while using the product was caused to sustain serious and permanent injuries.

38. By reason of the foregoing breach of warranties, this plaintiff was rendered sick, sore, lame and disabled and her injuries, upon information and belief, are of a permanent nature, that she has been obliged to incur expense and obligations for medical care, attention and treatment and she is informed and she verily believes that she will in the future be obliged to incur further expense and obligations for medicines, medical care, attention and treatment and continuous pain and suffering, all to her damage in a sum that exceeds jurisdictional limits of all lower courts.

**AS AND FOR A THIRD CAUSE OF ACTION**

39. At all times hereinafter mentioned, plaintiff, CHRISSY COWAN, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs of this complaint, as though more fully set forth herein at length.

40. Prior to January 5, 2015, the "PAM" cooking spray manufactured by the defendants was defectively designed.

41. This cause of action was instituted against the defendants under the doctrine of strict liability in tort.

42. On or about January 5, 2015 at approximately 8:00 P.M., the "PAM" cooking spray was located on the kitchen counter of the plaintiff, CHRISSY COWAN, in a lawful and proper manner for the purpose and in the manner which it was normally intended to be used when said can exploded.

43. While the "PAM" cooking spray was on the kitchen counter of the plaintiff, CHRISSY COWAN, the plaintiff was caused to sustain those injuries which are more fully set forth below.

44. Plaintiff, CHRISSY COWAN, did not discover the defect with respect to the design and manufacture of the "PAM" cooking spray, nor did she perceive its danger.

45. Plaintiff, CHRISSY COWAN, exercised reasonable care in the utilization of the "PAM" cooking spray and used it for the purpose it was intended.

46. The defective design of the "PAM" cooking spray was the substantial factor in bringing about the injury to the plaintiff, CHRISSY COWAN.

47. As a result of the described occurrence, this plaintiff, CHRISSY COWAN, was rendered sick, sore, lame and disabled and her injuries, upon information and belief, are of a permanent nature, that she has been obliged to incur expense and obligations for medical care, attention and treatment and she is informed and she verily believes that she will in the future be obliged to incur further expense and obligations for medicines,

medical care, attention and treatment and continuous pain and suffering, all to her damage in a sum that exceeds jurisdictional limits of all lower courts.

**WHEREFORE,** Plaintiff demands judgment against the defendants above named in the First Cause of Action in a sum that exceeds the jurisdictional limits of the lower courts, in the Second Cause of Action in a sum that exceeds the jurisdictional limits of the lower courts, and in the Third Cause of Action in a sum that exceeds the jurisdictional limits of the lower courts, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
August 3, 2015

LAW OFFICES
EDWARD VILINSKY
Attorney for Plaintiff
CHRISSY COWAN
1219 Avenue J
Brooklyn, New York 11230
(718) 927-0100
By: Jeffrey Stern, Esq.

STATE OF NEW YORK : COUNTY OF KINGS

JEFFREY STERN, an attorney admitted to practice in the Courts of the State of New York, affirms that the following statements are true under penalties of perjury:

Deponent is associated with Edward Vilinsky, Esq., the attorney for the plaintiff, Chrissy Cowan, in the within action. Deponent has read the foregoing Complaint, knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that those matters deponent believes it to be true.

This verification is made by deponent and not by the plaintiff, because plaintiff does not reside in the County wherein your deponent maintains an office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: Statements of said plaintiff, office records, and deponent's general investigation into the facts of this case.

Dated: Brooklyn, New York
August 3, 2015

JEFFREY STERN

Index No. 150741 Year 2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

CHRISSY COWAN,

Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION, CONAGRA GROCERY PRODUCTS, LLC, CONAGRA FOODS, INC., CONAGRA FOODS SALES, LLC, CONAGRA FOODS PACKAGED FOODS, LLC, and CONAGRA FOODS ENTERPRISE SERVICES, INC.,

Defendants.

SUMMONS & VERIFIED COMPLAINT

LAW OFFICES
EDWARD VILINSKY, ESQ.
Attorney for Plaintiff
1219 Avenue J
New York, New York 11230
(718) 927-0100

Signature (Rule 130.1.1-a)

BY: JEFFREY STERN, ESQ.

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

**Return Services Requested**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

*USPS CERTIFIED MAIL*

**USPS CERTIFIED MAIL**



9214 8969 0059 7934 3660 59

201509010222
THE PRENTICE-HALL CORPORATION
SYSTEM, IN
2711 CENTERVILLE ROAD
WILMINGTON DE,19808